# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **GELLYFISH TECHNOLOGY OF TEXAS, LLC**<br><br>    Plaintiff,<br><br>v.<br><br>**ASUS COMPUTER INTERNATIONAL, HEWLETT-PACKARD COMPANY, SONY ELECTRONICS, INC., INTEL CORPORATION, LENOVO (UNITED STATES), INC., DELL, INC., ALIENWARE, INC., POWER SUPPORT (USA), INC.,**<br><br>    Defendants. | Case No. 2:10-cv-00034<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.   Plaintiff GELLYFISH TECHNOLOGY OF TEXAS, LLC, files this Original Complaint against the above-named Defendants, alleging as follows:

## THE PARTIES

2.   Plaintiff Gellyfish Technology of Texas, LLC, ("GFT") is a Texas Limited Liability Company with its principal place of business at 104 East Houston Street, Suite 165, Marshall, Texas 75670.

3.   Upon information and belief, Defendant Asus Computer International, ("Asus") is a California corporation with its principal place of business at 800 Corporate Way, Fremont, California, 94539-6106. Asus's registered agent in Texas is Celeste D. Rincon, 1921 Cedar Bend Drive, Suite B-100, Austin, Texas 78758.

4.   Upon information and belief, Defendant Hewlett-Packard Company ("HP") is a California corporation with its principal place of business at 3000 Hanover Street, Building 20B,

Palo Alto, California 94304-1112.  HP may be served with process through its registered agent CT Corporation, 350 North Saint Paul Street, Dallas, Texas, 75201.

5. Upon information and belief, Defendant Sony Electronics, Inc. ("Sony") is a Delaware corporation with its principal place of business at 555 Madison Avenue, Floor 8, New York, New York 10022-3337.  Defendant Sony may be served through its registered agent Corporation Service Company, 211 East 7th Street, Suite 600, Austin, Texas, 78701.

6. Upon information and belief, Defendant Intel Corporation ("Intel") is a Delaware Corporation with its principal place of business at 2200 Mission College Boulevard, Santa Clara, California, 95054-1549.  Defendant Intel may be served through its registered agent CT Corporation, 350 North Saint Paul Street, Dallas, Texas 75201.

7. Upon information and belief, Defendant Lenovo (United States), Inc. ("Lenovo") is a Delaware corporation with its principal place of business at 1009 Think Place, Morrisville, North Carolina, 27560-9002.  Defendant Lenovo may be served through its registered agent CT Corporation, 350 North Saint Paul Street, Dallas, Texas 75201.

8. Upon information and belief, Defendant Dell, Inc. ("Dell") is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, Texas 78682. Defendant Dell may be served through its registered agent Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas, 78701.

9. Upon information and belief, Defendant Alienware, Inc. ("Alienware") is a Florida corporation with its principal place of business at 14591 Southwest 120th Street, Miami, Florida, 33186-8638.

10. Upon information and belief, Defendant Power Support (USA), Inc., ("Power Support") is a California corporation with its principal place of business at 3202 West Magnolia Boulevard, Burbank, California, 91505-2905.

## JURISDICTION AND VENUE

11. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of this action under Title 28 U.S.C. §1331 and §1338(a).

12. The Court has general and specific personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b). Each Defendant has substantial contacts with the forum as a result of conducting substantial business within the State of Texas and within this District. Upon information and belief, each Defendant regularly solicits business in the State of Texas and in this District, and derives substantial revenue from products and/or services provided to individuals residing in the State of Texas and in this District. Defendants, directly and/or through intermediaries, have purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These products have been and continue to be purchased by consumers in the Eastern District of Texas. Defendants, directly and/or through intermediaries, have committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.

13. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,336,614

14. GTT refers to and incorporates herein the allegations of Paragraphs 1-13 above.

15. United States Patent No. 6,336,614 ("the '614 Patent"), entitled "Conformable Portable Computer Hand Pads," was duly and legally issued by the United States Patent and Trademark Office on January 8, 2002 after full and fair examination. GTT is the assignee of all rights, title and interest in and to the '614 Patent and possess all substantial right of recovery under the '614 Patent, including the right to sue for past infringement. A copy of the '614 Patent is attached as Exhibit A.

16. Upon information and belief, Defendant Asus has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '614 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention.

17. Upon information and belief, Defendant HP has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '614 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention.

18. Upon information and belief, Defendant Sony has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '614 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention. For example, and without limitation, Sony markets, distributes, uses, sells, imports and/or offers to sell its Vaio AW laptop computers.Upon information and belief, Defendant Intel has infringed and continues to infringe, directly and/or

indirectly, by way of inducing and/or contributing to the infringement of the '614 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention. Upon information and belief, Defendant Lenovo has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '614 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention.

19. Upon information and belief, Defendant Dell has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '614 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention.

20. Upon information and belief, Defendant Alienware has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '614 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention.

21. Defendants have and continue to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '614 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing in this district and elsewhere in the Unites States, computers that use or embody the patented invention.

22. GTT is entitled to recover from Defendants the damages sustained by GTT as a result of Defendants wrongful acts in an amount subject to proof at trial.

23. Upon and information and belief, Defendants' infringement of the '614 Patent has been willful and deliberate, entitling GTT to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

24. Defendants infringement of GTT's exclusive rights under the '614 Patent will continue to damage GTT's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,963,486

25. GTT refers to and incorporates herein the allegations of Paragraphs 1-24 above.

26. United States Patent No. 6,963,486 ("the '486 Patent"), entitled "Hand Pads For Laptop Computers And Other Electronic Devices," was duly and legally issued by the United States Patent and Trademark Office on November 8, 2005 after full and fair examination. GTT is the assignee of all rights, title and interest in and to the '486 Patent and possess all substantial right of recovery under the '486 Patent, including the right to sue for past infringement. A copy of the '486 Patent is attached as Exhibit B.

27. Upon information and belief, Defendant Asus has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '486 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention. Upon information and belief, Defendant HP has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '486 Patent by making, using, providing, offering to sell,

and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention.  Upon information and belief, Defendant Sony has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '486 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention.  Upon information and belief, Defendant Intel has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '486 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention.  Upon information and belief, Defendant Lenovo has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '486 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention.  Upon information and belief, Defendant Dell has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '486 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention.  Upon information and belief, Defendant Alienware has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '486 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the

United States, specialized laptop computer products that use or embody the patented invention. Upon information and belief, Defendant Power Support has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '486 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, specialized laptop computer products that use or embody the patented invention.

28. Defendants have and continue to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '486 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing in this district and elsewhere in the Unites States, computers that use or embody the patented invention.

29. GTT is entitled to recover from Defendants the damages sustained by GTT as a result of Defendants wrongful acts in an amount subject to proof at trial.

30. Upon and information and belief, Defendants' infringement of the '486 Patent has been willful and deliberate, entitling GTT to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

31. Defendants infringement of GTT's exclusive rights under the '486 Patent will continue to damage GTT's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

32. GTT demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff Gellyfish Technology of Texas, LLC respectfully requests this Court to enter judgment in its favor against Defendants, granting the following relief:

A. An adjudication that Defendants have infringed and continue to infringe claims of the '486 Patent;

B. An adjudication that Defendants have infringed and continue to infringe claims of the '614 Patent;

C. An award to GTT of damages adequate to compensate BPT for Defendants' acts of infringement together with prejudgment interest;

D. An award to GTT of enhanced damages, up to and including trebling of GTT's damages pursuant to 35 U.S.C. § 284, for Defendants' willful infringement;

E. An award of GTT's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. §285 due to the exceptional nature of this case, or as otherwise permitted by law;

F. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement; and

G. Any further relief that this Court deems just and proper.

Respectfully Submitted,

Dated:  January 27, 2010

**GELLYFISH TECHNOLOGY OF TEXAS, LLC**

By: /s/ William E. Davis, III
William E. Davis III
Texas State Bar No. 24047416
**The Davis Firm, PC**
111 West Tyler Street
Longview, Texas 75601
Phone: 903-230-9090
Fax: 903-230-9661

**ATTORNEY FOR PLAINTIFF GELLYFISH TECHNOLOGY OF TEXAS, LLC**